WATFQRD, Circuit Judge,
dissenting:
In my view, this is not a case that can be resolved at the summary judgment stage. A reasonable jury could conclude that the events leading up to the fatal shooting of Jason Prostrollo unfolded as fojlows: Pros-trollo had consumed a large amount of alcohol on the night in question and was staggering toward the officers in slow motion. The officers could see that he held only a short stick in each hand—what turned out to be the two halves of a pool cue. When he was still more than 20 feet from the officers—a distance at which the two sticks could not have posed a threat of any significance—one of the officers released the police dog to subdue Prostrollo. The dog had bitten Prostrollo in the chest area and was in the process of subduing him when Lt. Bayne fired two shots in rapid succession. The first shot struck the dog in the back of the neck; the second shot struck Prostrollo in the chest and killed him.
On these facts, a reasonable jury could conclude that Lt. Bayne’s use of deadly force was unjustified. The jury could find that, at the time Lt. Bayne fired, the police dog had halted Prostrollo’s advance and neutralized whatever potential threat he might have posed. Prostrollo was still 17 feet from the officers when he died, armed only with two halves of a pool cue. A jury could reasonably conclude that at that distance, with a trained police dog attacking him, Prostrollo did not pose an immediate threat of death or serious physical injury to the officers or anyone else. In the absence of such a threat, the Fourth Amendment prohibits the use of deadly force. See Tennessee v. Gamer, 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).
I would reverse and allow the jury to decide whether Prostrollo’s father is entitled to prevail on the Fourth Amendment excessive force claim.